IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JACQUELYN WRIGHT and ROSS LADART, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:20-cv-00132-P |
| NEXUS RV, LLC and AMERICAN FAMILY RV, INC., | § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Nexus RV, LLC's ("Nexus") Motion to Transfer Venue (ECF No. 12) and Defendant American Family RV, Inc.'s ("American Family") Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, or in the Alternative, to Transfer Venue (ECF No. 16). After reviewing the Motions, briefing, pleadings and applicable law, the Court finds that the Motions should be and hereby are **GRANTED.** Accordingly, the Court **ORDERS** this action be **SEVERED** into two separate actions and **TRANSFERS** both cases.

### BACKGROUND

American Family, is an RV dealership and is a Virginia corporation. App. p. 3, Ex. A., Decl. of Layne Rowland at ¶ 2.1. It has two locations, both of which are in Virginia. *Id.* In February 2019, Jacquelyn Wright and Ross Ladart ("Plaintiffs") called American Family RV to inquire about a Nexus Bentley 34B ("the Motorhome") which was listed for sale on RVTrader.com. *Id.* at ¶ 3. Plaintiffs paid a $5,000 deposit to put a hold on the

Motorhome until they could see it in person at American Family RV's dealership in Chesapeake, Virginia. *Id.* at ¶ 4; *see also* Pls.' Compl. at ¶ 8 ("Plaintiffs . . . provided a $5,000 deposit to be applied to the purchase of the Motorhome.").

On March 6, 2019, Plaintiffs traveled to American Family RV's dealership in Chesapeake, Virginia. App. p. 4, Ex. A., Decl. of Layne Rowland at ¶ 5. After inspecting the Motorhome, Plaintiffs paid an additional $20,000 towards the purchase of the Motorhome, and executed various sales documents to complete the purchase of the Motorhome. *Id.*; *see also* Pls.' Compl. at ¶ 8 ("Plaintiffs . . . provided American Family another $20,000 towards the purchase" and "signed various, other paperwork on or about March 6, 2019.").

The sales documents include a Buyer's Order/Purchase Agreement ("Purchase Agreement"), a Retail Installment Contract and Security Agreement ("Retail Contract"), a Nexus RV, LLC Limited Warranty ("Limited Warranty"), and a Nexus Warranty Registration Form ("Warranty Registration"). App. p. 3, Ex. A., Decl. of Layne Rowland at ¶ 6.

Nexus's Limited Warranty Agreement, dated March 6, 2019, (the "Limited Warranty") states in relevant part:

> Exclusive jurisdiction for deciding any claims, demands, legal disputes, or causes of action relating to defects, representations of any nature, or alleged breaches of warranty, rests in the courts of Elkhart County, Indiana. The laws applicable to any litigation, dispute, mediation, arbitration, or any claim whatsoever arising from the Limited Warranty, sale, purchase, or use of the recreational vehicle is Indiana. The Limited Warranty shall be interpreted and construed in accordance with the laws of the State of Indiana.

2

*See* Limited Warranty § 5, Nexus's Mot. to Transfer Ex. A.

Further, Plaintiffs signed after the following provision:

> I/WE HEREBY ACKNOWLEGE THAT I/WE HAVE READ AND RECEIVED THIS LIMITED WARRANTY PRIOR TO ENTERING INTO ANY CONTRACT TO PURCHASE MY/OUR NEXUS RV VEHICLES AND AGREE TO ABIDE BY ALL OF ITS TERMS AND PROVISIONS INCLUDING . . . THE PROVISIONS HEREOF PROVIDING THAT THE EXCLUSIVE JURISDICTION FOR ANY CLAIM WHATSOEVER SHALL BE IN THE COURTS OF ELKHART COUNTY, INDIANA AND THAT APPLICABLE LAW IS INDIANA LAW.

*See id.*

Plaintiffs subsequently filed suit for damages against Defendants Nexus and American Family because of "serious defects" with the motorhome. Plaintiffs contend claims for breach of contract, breach of good faith and fair dealing, deceptive trade practices, fraud, negligence, and breach of warranty. (Org. Compl. at ¶¶ 24–35). Plaintiffs allege that they "entered into the transaction in Ft. Worth, Texas" and that they "executed the purchase agreement in Ft. Worth, Texas." Pls.' Compl. at ¶¶ 7, 8. But these conclusory assertions are directly contradicted by the sales documents. *See* Pls.' Compl. at ¶ 8. For example, the Purchase Agreement explicitly states: "[t]his order is deemed entered into in Virginia and is governed by Virginia Law." App. p. 8, Ex. A-1. Further, the Retail Contract—which is also expressly governed by Virginia law—includes a merger clause which states that the "entire agreement" between American Family RV and Plaintiffs "is contained in this Contract." *See* App. p. 14, Ex. A-2. Thus, it is undisputed that the sale of the Motorhome was effectuated in Chesapeake, Virginia.

Plaintiffs allege that "the Court has jurisdiction over Defendants because they engage in the business of selling motorhomes in the State of Texas" and that "Defendants have sufficient minimum contacts with or otherwise have purposefully availed itself of the markets of Texas and this District such that it is fair and just for Defendants to adjudicate this dispute in this District." Pls.' Compl. at ¶ 4. In turn, American Family argues that the Court does not have personal jurisdiction over it because it does not engage in the business of selling motorhomes in Texas and does not have sufficient minimum contacts with Texas; American Family does not have any offices, employees, real property, bank accounts, addresses, or telephone numbers in Texas; (App. p. 5, Ex. A., Decl. of Layne Rowland at ¶ 8) and American Family RV is not licensed to do business in Texas. *Id.*

## ANALYSIS

American Family seeks to transfer this case to the United States District Courts for the Eastern District of Virginia pursuant to § 1404(a) and Nexus seeks to transfer this case to the Northern District of Indiana in accordance with the forum-selection clauses in the Limited Warranty and the Retail Contract. The Court first considers Nexus's motion.

The United States Supreme Court's decision in *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas,* 571 U.S. 49 (2013), provides the analytic framework the Court uses to evaluate a § 1404 Motion to Transfer Venue based on a forum-selection clause. Under this framework, the Court must first determine whether the forum-selection clause is contractually valid. *See id.*

**A.     Nexus's Forum-Selection is Valid**

Courts in this circuit look to federal law to determine the enforceability of forum-selection clauses in both diversity and federal question cases. *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 F. App'x 612, 615 (5th Cir. 2007). According to federal law, "such clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." *Id.* The Court considers a list of four factors to determine whether a forum-selection clause may be considered unreasonable: (1) whether the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) whether the party seeking to escape enforcement "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) whether the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) whether enforcement of the forum selection clause would contravene a strong public policy of the forum state. *Haynsworth v. The Corp.*, 121 F.3d 956, 963 (5th Cir. 1997). The party resisting the forum-selection clause's enforcement on these grounds bears a "heavy burden of proof." *Id.*

Plaintiffs do not argue that the forum selection clause was the product of fraud or overreach, that they will be deprived of their day in court, that the chosen law is fundamentally unfair, or that enforcing the forum selection clause would contravene public policy. *See generally* Resp., ECF No. 17. Instead, Plaintiffs argue that litigating this claim in the Northern District of Texas is preferable because it is unsafe for them to travel due to Coronavirus and their advanced age, the RV in question is located in Texas, a non-party

5

witness is located in Texas, and Plaintiffs purport to have entered into the purchase agreement in Texas. Pl.'s Resp. to Def.'s Mot. to Transfer at 14.

### 1. There was no Fraud or Overreach

"[A]n arbitration or forum-selection clause in a contract is not enforceable if the inclusion of that clause in the contract was the product of fraud or coercion. *Haynsworth,* 121 F.3d at 963. Plaintiffs do not allege any fraud or overreach by Nexus in its forum selection clause, so the first factor established by *Haynsworth* does not weigh in favor of Nexus's forum selection clauses being unreasonable.

### 2. Plaintiffs Will Not be Deprived of Their Day in Court

Given that any inconvenience of the forum was foreseeable at the time the contract was executed, Plaintiffs must demonstrate that they will "for all practical purposes be deprived of [their] day in court" for the Court to invalidate Nexus's forum selection clause. *Haynsworth,* 121 F.3d at 963. Plaintiffs fail to address this factor, they did not meet the threshold established in *Haysworth*, and thus this factor does not weigh in favor of Nexus's forum selection clause being unreasonable.

### 3. Chosen Law is Not Fundamentally Unfair

In addition to the forum selection clause, the Limited Warranty Agreement contains a choice-of-law clause, which specifies that claims resulting from the manufacturing of the RV will be subject to the laws of the State of Indiana. *See* Def. Nexus's Mot. to Transfer at 2, ECF No. 12. Transferring venue pursuant to Nexus's forum selection clauses will not affect the choice-of-law provisions specified in the contract. Therefore, the third *Haynsworth* factor does not support that the forum selection clause is unreasonable.

### 4. Public Policy is Not Contravened

Finally, Plaintiffs do not point to any Texas public policy supporting the retention of the instant action. Rather, as mentioned above, Plaintiffs assert that litigating this dispute in this Court is preferable, as it is more convenient for them. *See* Resp. at 14. As such, this factor does not weigh in favor of Nexus's forum selection clauses being unreasonable.

Having assessed the four reasonableness factors as outlined in *Haynsworth*, the Court finds that Nexus's Forum Selection Clauses is valid and enforceable.

### B. Enforcing Nexus's Forum Selection Clause

Having determined that the forum-selection clause is valid and enforceable, the Court turns to Nexus's Motion to Transfer Venue. The Supreme Court has clarified that a motion to transfer under 28 U.S.C. § 1404(a) is the proper procedure to enforce a forum-selection clause. *See Atl. Marine*, 571 U.S. at 49. Accordingly, Nexus seeks to transfer the instant action to the United States District Court for the Northern District of Indiana, pursuant to its forum selection clause.

Section 1404(a) allows a party to transfer a civil action to any district where venue is proper or "to any other district to which the parties have agreed by contract or stipulation." *Id.* at 50. Typically, when addressing a motion to dismiss under Section 1404(a), a district court must weigh the relevant public and private-interest factors and determine whether, on balance, a transfer would serve "'the convenience of parties and witnesses'" and promote "'the interest of justice.'" *Id.* at 49 (quoting 28 U.S.C. § 1404(a)). "The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which 'represents the parties' agreement as to the most proper forum.'"

7

*Id.* (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988)). "[A] proper application of [Section] 1404(a) requires that a forum-selection clause be 'given controlling weight in all but the most exceptional cases.'" *Id.* (quoting *Stewart Org.*, 487 U.S. at 33 (Kennedy, J., concurring)). Accordingly, "[w]hen the parties have agreed to a valid forum selection clause, a district court should ordinarily transfer the case to the forum specified in that clause," unless "extraordinary circumstances unrelated to the convenience of the parties" exist. *Id.* at 62.

A district court's analysis of a motion to transfer under Section 1404(a) is adjusted in three ways when there is a valid forum-selection clause. *First*, the party resisting the forum-selection clause bears the burden of establishing that transfer to the forum is unwarranted and plaintiff's choice of forum is given "no weight." *Id.* at 63. *Second*, a district court should not consider arguments about the parties' private interests when considering a motion to transfer based on a forum-selection clause and must "deem the private-interest factors to weigh entirely in favor of the preselected forum." *Id.* at 64. A district court may still consider public-interest factors, but "those factors will rarely defeat a transfer motion, [and] the practical result is that forum-selection clauses should control except in unusual cases." *Id. Third*, a transfer of venue will not carry with it the original venue's choice-of-law rules when a party bound by a valid forum-selection clause "flouts its contractual obligation and files suit in a different forum . . . ." *Id.*

Plaintiffs, "[a]s the party acting in violation of the forum-selection clause, . . . must bear the burden of showing that public-interest factors overwhelmingly disfavor a transfer." *Id.* at 51. The public-interest factors include "'the administrative difficulties

8

flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law.'" *Id.* at 64 n.6 (quoting *Piper Aircraft*, 454 U.S. at 241, n.6). As noted, Plaintiffs failed to demonstrate any public-interest factors that disfavored a transfer. Instead, Plaintiffs' sole contention is that litigating this dispute in Texas would be most convenient for them and the non-party witness. The Court finds that Plaintiffs have failed to show that the public-interest factors overwhelmingly disfavor transfer. Furthermore, the Court finds that there are no "extraordinary circumstances unrelated to the convenience of the parties" that would weigh in favor of denying Nexus's Motion to Transfer. *See Id.* at 51. Accordingly, the Court finds it appropriate that Nexus's Motion to Transfer should be and is hereby **GRANTED**.

**C.     The Court Lacks Personal Jurisdiction Over American Family**

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406.

**1.   American Family RV is Not Subject to General Jurisdiction in Texas.**

"A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

It is undisputed that American Family's only locations are both in Virginia. It is further undisputed that, American Family has no offices, employees, real property, bank accounts, addresses, or telephone numbers in Texas, it is not licensed to do business in Texas, and it does not specifically target residents of Texas. App. p. 5, Ex. A., Decl. of Layne Rowland ¶ 8. Accordingly, Plaintiffs cannot establish general jurisdiction over American Family.

### 2. American Family is Not Subject to Specific Jurisdiction in Texas.

"A forum may assert specific jurisdiction over a nonresident defendant where an alleged injury arises out of or relates to actions by the defendant himself that are purposefully directed toward forum residents, and where jurisdiction would not otherwise offend fair play and substantial justice." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 463 (1985) (internal quotations marks omitted).

The Court finds that American Family is not subject to specific jurisdiction in the State of Texas. In fact, Plaintiffs fall far short on meeting their burden to establish specific jurisdiction over American Family. Plaintiffs' jurisdictional allegations are all either vague and conclusory or directly contradicted by the evidence. For example. Plaintiffs' allegations that they entered into a purchase agreement with American Family RV on February 26, 2019, and that they entered into the transaction in Fort Worth, Texas, are directly contradicted by their own evidence, as well as American Family's evidence. The sales documents were all entered into on March 6, 2019, in Chesapeake, Virginia. *See* App. p. 3, Ex. A., Decl. of Layne Rowland ¶ 6; App. pp. 7–8, Ex. A-1, Purchase Agreement;

App. pp. 10-14, Ex. A-2, Retail Contract; App. pp. 16–18, Ex. A-3, Limited Warranty; App. p. 20, Ex. A-4, Warranty Registration.

The Purchase Agreement expressly provides that the order was entered into in Virginia, the Purchase Agreement and Retail Contract between American Family RV and Plaintiffs are expressly governed by Virginia law, and the RV was delivered in Virginia. This uncontroverted evidence is sufficient to defeat Plaintiffs' vague and conclusory allegation that "Defendants . . . engage in the business of selling motorhomes in the State of Texas" is also directly contradicted. *See* App. p. 5, Ex. A., Decl. of Layne Rowland ¶ 8. Accordingly, it is evident that the Court lacks specific jurisdiction over American Family RV.

As American Family is not subject to personal jurisdiction within Texas, American Family's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, or in the Alternative, to Transfer Venue is hereby **GRANTED.**

## SEVERANCE

"On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." FED. R. CIV. P. 21. Because the foregoing analysis concluding that Plaintiffs' claims against Nexus are proper in Indiana and Plaintiffs' claims against American Family are proper in Virginia, the Court finds it appropriate to **SEVER** this action. Accordingly, the Clerk is hereby **ORDERED** to **SEVER** the instant action. This case shall be renamed "Wright et al., v. Nexus RV, LLC," and a new case shall be opened titled "Wright et al., v. American Family RV."

11

## CONCLUSION

Based on the foregoing, the Court finds that Nexus's Motion to Transfer Venue (ECF No. 12) and American Family RV's Motion to Transfer Venue (ECF No. 16) should be and are hereby **GRANTED.** Accordingly, it is **ORDERED** that Wright et al., v. Nexus RV, LLC is hereby **TRANSFERRED** to the United States District Court for the Northern District of Indiana for all further proceeding, and Wright et al., v. American Family RV is hereby **TRANSFERRED** to the United States District Court for the Eastern District of Virginia for all further proceedings.

**SO ORDERED** on this **23rd day** of **June, 2020**.

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE